1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12    B/E AEROSPACE, INC.,                    Case No. 2:19-cv-01480-MWF-AFM

13              Plaintiff,

14        v.                                  **[PROPOSED]** ~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER**[1]

15    SAFRAN CABIN INC.,

16              Defendants.                   Honorable Alexander F. MacKinnon

17

18
19
20
21
22
23
24
25
26
27
28

---

[1] This Stipulated Protective Order is based substantially on the model protective order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

---

1.      A.      <u>PURPOSES AND LIMITATIONS</u>

Plaintiff, B/E Aerospace, Inc. ("B/E" or "Plaintiff"), and Defendants, Safran Cabin Inc. (f/k/a C&D Zodiac, Inc.); Safran Seats USA LLC (f/k/a Zodiac Seats US LLC); Safran Seats Santa Maria LLC; Zodiac Seats California LLC; MAG Aerospace Industries, LLC (a/k/a Zodiac Water & Waste Aero Systems); Safran Cabin Bellingham, Inc. (f/k/a Heath Tecna, Inc.); and Northwest Aerospace Technologies, Inc. (f/k/a Zodiac Northwest Aerospace Technologies, Inc.) (collectively, "Zodiac" or "Defendants"), hereafter referred to as "the Parties," believe that discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.      <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions,

or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C.     ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY" does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See *Pintos v. Pacific Creditors Ass'n*., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    <u>DEFINITIONS</u>

2.1. <u>Action</u>: *B/E Aerospace v. Safran Cabin Inc., et al.*, Case No. 2:19-cv-01480-MWF-AFM (C.D. Cal).

2.2. <u>Challenging Party</u>: a Party or Nonparty that challenges the designation of information or items under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY".

2.3. "<u>CONFIDENTIAL</u>" <u>Information</u> or <u>Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

2.4. <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5. <u>Designating Party</u>: a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY."

2.6. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8. <u>HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY</u>: Information or Items (regardless how generated, stored or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement that the Designating Party has reasonable grounds to believe that certain Protected Material qualifying to be designated CONFIDENTIAL would, if known to any officer, director, employee, agent, or In-House Counsel of a Party, a Non-Party, or to the public, is so sensitive that its dissemination poses a risk of competitive injury to that Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

4

2.9. <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. <u>Nonparty</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12. <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

2.13. <u>Producing Party</u>: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY."

2.16. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

//
//
//
//
//

[PROPOSED] STIPULATED PROTECTIVE ORDER

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) affidavits; (d) stipulations; (e) any information copied or extracted from Protected Material; (f) all copies, excerpts, summaries, or compilations of Protected Material; and (g) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material shall also be considered Protected Material and treated as such under this Order.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Within sixty days after the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party must return all materials designated by any other Producing Party under this Order to the Producing Party, or destroy such material, including all copies thereof, and provide to the Producing Party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel for a party or non-party are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any party; trial, deposition, and hearing transcripts; legal memoranda and correspondence; expert reports; attorney, consultant, and expert work product; and exhibits to any of these materials, even if such materials reflect materials designated under this Order.

Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions, hearings or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL–OUTSIDE

ATTORNEYS EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY." After the inspecting Party has identified documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY" legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions or hearings, the Designating Party may, at the deposition or hearing or within ten (10) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 10-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY." For deposition and hearing transcripts, the legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript

after that attorney receives notice of the designation of some or all that transcript under this order.

(c)    for information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" legend or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY" legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failure to Designate. Inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as Protected Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq. The Parties shall

meet and confer regarding such request within two days. If the designating Party does not agree to redesignation within two (2) business days of the meet and confer, the requesting Party may apply to the Court for relief.

6.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIALS</u>

7.1. <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action and shall not be used for any other purpose. Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Protected Material and subject to all the terms and conditions of this Order. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) three (3) identified In-House Counsel for the Receiving Party who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action. The Parties shall promptly meet and confer to identify each side respective identified in-house counsel. The parties shall comply with the provisions of Section 7.2(c)(ii) regarding notice of the in-house counsel and disputes, should they arise, shall be resolved in accordance thereto;

(c) Outside consultants or experts of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that

i.      such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and

ii.      before access is given, the consultant or expert has completed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the same is served upon the Designating Party with a current curriculum vitae of the consultant or expert at least two (2) business days before access to the Protected Material is to be given to that consultant or expert. Within two (2) business days the Producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within three (3)

days of the notice of objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) independent litigation support services, including professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information, or had access to the information in the ordinary course of business;

(h) a current officer, director or employee of the Designating Party; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing, provided that the Protected Material is only disclosed to a person(s) who is eligible to have access to the Protected Material pursuant to Sections 7.2(a)-(h) or by virtue of his or her employment with the Designating Party.

7.3. Disclosure of "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY" only to the individuals and by the procedures listed in Section 7.2(a) and (c)-(i).

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a

13

Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS EYES ONLY." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Nonparty, if requested.

(c) If the Nonparty fails to seek a protective order from this Court within 14 days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

Protected Material shall not be disclosed to any other persons unless prior

14

authorization is obtained in writing from counsel representing the producing Party or from the Court. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The production or disclosure of any information (including documents) in this action that a producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection. A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party identifies such information as privileged or protected, a Receiving Party:

a.   shall not use, and shall immediately cease any prior use of, such

information;

b.    shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information;

c.    shall within three (3) business days of the producing Party's request return to the producing Party or destroy the information and destroy all copies thereof; and

d.    shall confirm to the producing Party the destruction under (c) above of all copies of the information not returned to the producing Party.

Within two (2) business days after providing notice of the disclosure of information over which privilege has been asserted, the Producing Party shall provide a log that describes the factual basis for the claim that the information is privileged or otherwise protected from disclosure. Within three (3) business days thereafter, a Party disputing a claim of privilege shall provide in writing the identification of the information for which it questions the claim of privilege and the reasons (including legal support) for its assertion that the information is not privileged, or that any privilege has been waived by some act other than production. Within two business days thereafter, the Parties shall meet and confer in good faith as to the claims of privilege. Within three (3) business days after the meet and confer, and not thereafter, the Receiving Party may file a motion to compel the production of the information. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

No party shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived.

12.    <u>MISCELLANEOUS</u>

12.1. <u>Right to Further Relief.</u> Nothing in this Stipulated Protective Order abridges the right of any Party to seek its modification by the Court in the future. Each of the Parties shall also retain the right to file a motion with the Court (1) to modify

this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (2) to apply for additional protection of Protected Material, subject to the Parties' stipulations as set forth in their Joint Rule 26 Report.

12.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing part, has met-and-conferred with the other party regarding the alleged or threatened violation, has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

//
//
//
//
//
//
//
//
//
//

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3 | DATED: February 11, 2022

4 | s/Alan Jay Weil_____

5 | Alan Jay Weil (63153)

6 | Kendall Brill & Kelly LLP

7 | Attorneys for Plaintiff

8

9 | DATED: February 11, 2022

10 | s/Steven D. Moore_____

11 | Steven D. Moore (290875)

12 | Kilpatrick Townsend & Stockton LLP

13 | Attorneys for Defendants

14

15 | <u>ATTESTATION UNDER LOCAL RULE 5-4.3.4</u>

16 |      I, Alan Jay Weil, attest that the above listed signatories on whose behalf

17 | this document is being filed have concurred in the filing's content and have

18 | authorized the filing.

19 | Dated:  February 11, 2022      s/Alan Jay Weil_____

20 |               Alan Jay Weil

21

22 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23

24 | DATED:  2/14/2022

25

26 | _____

27 | HON. ALEXANDER F. MacKINNON

28 | United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of *B/E*

*Aerospace v. Safran Cabin Inc.*, Case No. 2:19-cv-01480-MWF-AFM (C.D. Cal).  I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.  I further agree to submit to the jurisdiction of the

United States District Court for the Central District of California for enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.  I hereby appoint _____

[print or type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER